LBS BANK-NEW YORK, Respondent, v METALLIA S.R.L. et al., Appellants. LBS BANK-NEW YORK, Respondent, v METALLIA HANDELSGESELLSCHAFT GMBH et al., Appellants. [721 NYS2d 11] —Orders, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 3, 1999, which, in actions to recover upon guarantees given by defendants, *inter alia*, granted plaintiff's cross motions to dismiss defendant Sartid 1913's affirmative defenses and for summary judgment, and directed entry of judgment against Jugometal A.D. and Sartid 1913 in the total principal amount of $3,076,055.69 and against defendant Metallia Handelsgesellschaft GmbH in the principal amount of $10,576.23, unanimously affirmed, with one bill of costs.

Plaintiff seeks to recover based on guarantees given by a Serbian entity on debts which arose prior to the imposition of sanctions against the Federal Republic of Yugoslavia pursuant to 31 CFR 585.201. Defendants argue that the issuance of the relied upon March 15, 1993 letters of guarantee was prohibited by the sanctions regulations, and therefore that plaintiff may not sue to obtain a judgment upon the guarantees given in those letters without first obtaining a license from the Department of Treasury, Office of Foreign Assets Control (OFAC), which is charged with administering the sanctions regulations. However, OFAC's interpretation of the sanctions regulations is entitled to deference (*see, Red Lion Broadcasting Co. v Federal Communications Commn.*, 395 US 367, 381; *Zemel v Rusk*, 381 US 1, 11-12), and, after reviewing the letters of guarantee in question, it determined that those letters did not constitute transfers of blocked property, but merely confirmed the

continued validity of the guarantees given to plaintiff when it first extended credit to both Metallia defendants. OFAC's determination is not contrary to the regulatory language. Expansive as the definition of "transfer" is under the sanctions regulations, it does not appear to encompass a communication confirming the continued validity of a pre-existing obligation. Accordingly, we find that defendants have failed to make the requisite showing that there are "compelling indications" (*see*, *Red Lion*, 395 US, *supra*, at 381) that OFAC's interpretation of the relevant sanctions regulations was in error.

It is clear from the regulations, and conceded by plaintiff, that enforcement of any judgment obtained by plaintiff would require a license from OFAC (*see*, 31 CFR 585.305). However, the fact that such a license will be required does not convert the March 15, 1993 confirmation of the guarantees into a prohibited transaction and does not preclude plaintiff's suit upon those guarantees. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.